UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

CHRISTINE T. CLEMINS,
Individually and on Behalf of All Others
Similarly Situated,

               Plaintiffs,

v.                                                               Case No. 11-CV-36-WEC

ALLIANCE DATA SYSTEMS CORPORATION,
WORLD FINANCIAL NETWORK NATIONAL BANK,
and DOES 1 through 100, inclusive,

               Defendants.

**PLAINTIFF'S RULE 7(h) EXPEDITED, NON-DISPOSITIVE MOTION TO DEFER RULING ON DEFENDANTS' MOTION TO COMPEL ARBITRATION PENDING COMPLETION OF LIMITED ARBITRATION-RELATED DISCOVERY**

      Plaintiff respectfully requests, pursuant to Civ. L. R. 7(h), that the Court defer ruling on Defendant's Motion to Compel (the "Arbitration Motion") pending completion of limited arbitration-related discovery, which is critical to establish the requisite evidentiary record necessary to support denial of the effort to compel arbitration.

      In the time between the Plaintiff's filing of her Brief in Opposition to the Arbitration Motion ("Pl.'s Br.") and Defendants' filing of their Reply in Support of the Arbitration Motion ("Defs.' Reply"), the United States Supreme Court handed down its decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, (2011). Defs.' Reply subsequently cites *Concepcion* as providing an absolute bar for this Court's finding that the arbitration provision at issue in this case is unenforceable under generally applicable Wisconsin contract law. However, nothing in *Concepcion*, or the California District Court slip opinion

cursorily cited by Defendants, (*Zarandi v. Alliance Data Sys. Corp.*, No. 10-8309, slip op. at 3 (C.D. Cal. May 9, 2011)), which concerned an entirely different credit card agreement and arbitration provision, and, like *Concepcion*, concerned California's *Discover Bank* Rule, warrants such a holding.[1]

In light of Defendants' cursory, yet sweeping, claims regarding *Concepcion's* application to the facts of this case, Plaintiff respectfully requests the opportunity to conduct limited arbitration-related discovery to establish an actual, substantive record on which this Court can make a proper decision under Wisconsin law on the unconscionability of the alleged arbitration provision at issue in this case, in light of the *Concepcion* decision.[2]

Defendants here seek a ruling on the enforceability of arbitration provisions without the benefit of a fully developed factual record. Given the fact-intensive nature of this inquiry, the enforceability of the provisions should not be resolved on the pleadings alone. *See Granite Rock Co. v. International Brotherhood of Teamsters*, ___ U.S. ___, 130 S.Ct. 2847,

---

[1] The *Zarandi* court's citation to *Concepcion*, though the basis for granting these same Defendants' motion to compel arbitration in that matter, is even more fleeting than Defendants' citation to *Zarandi* here, and is void of any analysis, let alone any applicability to Wisconsin law and general contract defenses.

[2] Plaintiff maintains that, notwithstanding *Concepcion*, Pl.'s Br. demonstrates that Defendants have failed to carry their burden in showing that a valid arbitration agreement exists and applies to the claims at issue here, and/or that the Court can already conclude that the arbitration provision and applicable law in question are distinguishable from those in *Concepcion*, and the arbitration provision is not enforceable here. Further, *Concepcion* reiterates that the Federal Arbitration Act's "saving clause preserves generally applicable contract defenses" (131 S. Ct. at 1748), upon which the States retain the power to invalidate arbitration provisions "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Accordingly, other courts post-*Concepcion* are still properly striking arbitration provisions, if they are subject to "generally applicable contract defenses." *See, e.g., NAACP of Camden County East v. Foulke Mgmt. Corp.*, Dkt. No. A-1230-09T3, 2011 N.J. Super. LEXIS 151 (N.J. Super. Ct. App. Div. Aug. 2, 2011) (attached as Exhibit 1 to the Declaration of Corey Mather ("Mather Decl."), filed concurrently herewith); *Murray v. DirectTV*, Case No. CV 2010-093-3, slip op (Ark. Cir. Ct. June 30, 2011) (attached as Mather Decl., Exhibit 2). If the Court were to conclude thusly, then the need to grant the relief sought herein would be mooted, and the case should proceed to full discovery.

Alternatively, if the Court is not inclined to deny the Arbitration Motion at present, and does not allow Plaintiff the opportunity to conduct immediate arbitration-related discovery, then Plaintiff requests the opportunity to be allowed to submit briefing on the proper application of the Supreme Court's ruling in *Concepcion* to the present case. Given the sequence of timing on the briefing that has already occurred here, relative to the *Concepcion* decision coming down, justice and fairness necessitates allowing the Plaintiff the opportunity to brief this new law, as the Defendants had the opportunity to do in Defs.' Reply.

2856 (2010)("A court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute. To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce.").[3]

In the matter at bar, there is no, or insufficient, evidentiary record with respect to arbitration. As a result, there is no, or insufficient, substantive record upon which the Court can base its unconscionability decision and, thus, no reasonable inferences to be drawn therefrom. Although the Court may take judicial notice of certain facts, such action is limited to those facts "generally known within the territorial jurisdiction" of the court or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. Issues of waiver, contract formation and unilateral change in terms by Defendants lie at the very heart of the issue of arbitrability, and discovery of such matters is routinely granted. *See, e.g., Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); and *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608-10. Moreover, decisions subsequent to *Concepcion* confirm the necessity of developing an evidentiary record prior to ruling on a motion to compel arbitration. *See, e.g., In re Checking Account Overdraft Litigation*, case no. 09-MD-02036-JLK (S.D. Fla. June 3, 2011)(attached as Mather Decl., Exhibit 3); *Hamby v. Power Toyota Irvine*, Case No. 11cv544-BTM (BGS), 2011 U.S. Dist. LEXIS 77582 (S.D. Cal. July 18, 2011) (attached as Mather Decl., Exhibit 4).

---

[3] Plaintiff has already challenged the evidentiary sufficiency of Defendants' motion under the applicable Fed. R. Civ. P. 56 standard, and this determination concerns not just the issue of unconscionability, but also the prerequisite conditions that Defendants must establish of whether a valid agreement to arbitrate even exists in the credit card agreement and, if it does, whether the agreement encompasses the dispute at issue here over the entirely separate Payment Protection product. (*See* Pl.'s Br., at 5 & 7 n.2.)

It is axiomatic that discovery on the very issues critical to the determination of compulsory arbitration be permitted. Consistent with the *Blair, Overdraft Litigation,* and *Hamby* decisions, here plaintiff is entitled to seek discovery on the very issues which could render the arbitration agreement unenforceable, including the existence of unilateral modifications to the language of the cardholder agreement, whether in fact any cardholder availed themselves to arbitration, the arbitral forum selected by the Defendants and the legitimacy of any proceedings therein, etc. The discovery requests served on Defendants are narrowly tailored to adduce evidence of unconscionability. (*See* Plaintiffs' Interrogatories and Requests for Production, attached to the Mather Decl. as Exhibit 5.)

Respectfully Submitted,

Dated: August 11, 2011

**ADEMI & O'REILLY LLP**

By: /S/ COREY MATHER
Guri Ademi (SBN: 1021729)
Shpetim Ademi (SBN: 1026973)
David J. Syrios (SBN: 1045779)
Corey Mather (SBN: 1046210)
3620 East Layton Ave.
Cudahy, Wisconsin 53110
Telephone: (866) 264-3995
Facsimile: (414) 482-8001
gademi@ademilaw.com
sademi@ademilaw.com
dsyrios@ademilaw.com
cmather@ademilaw.com

**GOLOMB & HONIK, P.C.**
Ruben Honik
Richard M. Golomb
Kenneth J. Grunfeld
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Telephone: (215) 985-9177

*Counsel for Plaintiff*